## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JERMAINE L. CARTER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 15-305-SLR |
| | ) |
| DAVID PIERCE, Warden, and | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondents. | ) |

Jermaine L. Carter. Pro se petitioner.

Gregory E. Smith, Deputy Attorney General, Delaware Department of Justice, Wilmington, Delaware. Counsel for respondents.

### MEMORANDUM OPINION

August 31 , 2016
Wilmington, Delaware

ROBINSON, District Judge

## I. INTRODUCTION

Currently before the court is Jermaine L. Carter's ("petitioner") application for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 ("application"). (D.I. 3) For the reasons that follow, the court will dismiss petitioner's § 2254 application.

## II. BACKGROUND

In May 2013, petitioner pled guilty to assault in a detention facility. (D.I. 10, May 20, 2013 Hearing Transcript in *State v. Carter*, ID No. 1211015050) On September 13, 2013, the Superior Court sentenced petitioner as a habitual offender to eight years of imprisonment. (D.I. 10, Sept. 13, 2013 Sentencing Transcript in *State v. Carter*, ID No. 1211015050) Petitioner did not appeal.

On December 23, 2013, petitioner filed a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"). (D.I. 8 at 2) The Superior Court appointed counsel, and counsel subsequently filed a motion to withdraw. On September 24, 2014, the Superior Court granted counsel's motion to withdraw and denied the Rule 61 motion. Petitioner did not appeal that decision. *Id.*

In August 2014, petitioner filed in this court a § 2254 application. *See Carter v. Pierce*, Civ. A. No. 14-1062-SLR. The court denied the application without prejudice for failing to exhaust state court remedies. *See Carter v. Pierce*, Civ. A. No. 14-1062-SLR, Mem. Order (D. Del. Oct. 1, 2014).

On January 21, 2015, petitioner filed his second Rule 61 motion in the Delaware Superior Court. (D.I. 8 at 2) The Superior Court denied the motion on April 30, 2015. *Id.*

While his second Rule 61 motion was pending in the Delaware Superior Court (D.I. 8 at 2), petitioner filed the instant application for federal habeas relief. (D.I. 3) The State filed an answer, asserting that the application should be denied in its entirety as procedurally barred. (D.I. 8)

## III. EXHAUSTION AND PROCEDURAL DEFAULT

A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). One prerequisite to federal habeas review is that a petitioner must exhaust all remedies available in the state courts. *See* 28 U.S.C. § 2254(b)(1). The exhaustion requirement is grounded on principles of comity to ensure that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *See Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir. 2000). A petitioner satisfies the exhaustion requirement by "fairly presenting" the substance of the federal habeas claim to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider it on the merits. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

A petitioner's failure to exhaust state remedies will be excused if state procedural rules preclude him from seeking further relief in state courts. *See Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir. 2000); *Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although treated as technically exhausted, such claims are nonetheless procedurally defaulted. *See Lines,* 208 F.3d at 160; *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).

Similarly, if a petitioner presents a habeas claim to the state's highest court, but that court "clearly and expressly" refuses to review the merits of the claim due to an independent and adequate state procedural rule, the claim is exhausted but procedurally defaulted. *See Coleman*, 501 U.S. at 750*; Harris v. Reed*, 489 U.S. 255, 260-64 (1989).

A federal court cannot review the merits of procedurally defaulted claims unless the petitioner demonstrates either cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *See McCandless v. Vaughn*, 172 F.3d 255, 260 (3d Cir. 1999); *Coleman*, 501 U.S. at 750-51. To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To demonstrate actual prejudice, a petitioner must show that the errors during his trial created more than a possibility of prejudice; he must show that the errors worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494.

Alternatively, if a petitioner demonstrates that a "constitutional violation has probably resulted in the conviction of one who is actually innocent," *Murray*, 477 U.S. at 496, then a federal court can excuse the procedural default and review the claim in order to prevent a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Wenger v. Frank*, 266 F.3d 218, 224 (3d Cir. 2001). The miscarriage of justice exception applies only in extraordinary cases, and actual

3

innocence means factual innocence, not legal insufficiency. *See Bousley v. United States*, 523 U.S. 614, 623 (1998); *Murray*, 477 U.S. at 496. A petitioner establishes actual innocence by asserting "new reliable evidence - -whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - - that was not presented at trial," showing that no reasonable juror would have voted to find the petitioner guilty beyond a reasonable doubt. *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004).

## IV. DISCUSSION

The instant application nominally asserts two claims: ineffective assistance and "prejudice." However, since petitioner's prejudice argument is part of his ineffective assistance of counsel claim, the court will treat the application as though it asserts one ineffective assistance of counsel claim. More specifically, petitioner contends that defense counsel provided ineffective assistance by failing to file a notice of appeal and by "defaulting" evidence for trial.

In Delaware, an ineffective assistance of counsel claim will only be considered when presented for the first time in a collateral proceeding brought pursuant to Delaware Superior Court Criminal Rule 61. *See Desmond v. State*, 654 A.2d 821, 829 (Del. 1997). Here, although petitioner filed two Rule 61 motions in the Superior Court, he did not appeal the Superior Court's denial of those motions. Therefore, he has failed to exhaust state remedies for his sole habeas claim.

At this juncture, petitioner would be time-barred from presenting his claim to the Delaware state courts in a new Rule 61 motion in order to have an opportunity to appeal

4

any adverse decision to the Delaware Supreme Court. *See Tribuani v. Phelps,* 820 F. Supp. 2d 588, 593 n.2 (D. Del. 2011). Consequently, the court must excuse petitioner's failure to exhaust but treat the claim as procedurally defaulted, meaning that the court cannot review its merits absent a showing of cause and prejudice, or that petitioner is actually innocent.

Petitioner has not alleged, and the court cannot discern, any cause for his default of his claim. In the absence of cause, the court will not address the issue of prejudice. Additionally, the court concludes that petitioner's default should not be excused under the miscarriage of justice exception to the procedural default doctrine, because he has not provided new reliable evidence of his actual innocence.

For all of the aforementioned reasons, the court will deny petitioners' application as procedurally barred from federal habeas review.

## V. PENDING MOTION

Presently pending before the court is petitioner's motion to dismiss his application, wherein he asks to withdraw his application due to "his failure to state a claim and for not filing his AEDPA election form." (D.I. 11 at 1) The court has already determined that petitioner's application must be denied as procedurally barred from habeas review. Therefore, the court will dismiss petitioner's motion to dismiss as moot.

## VI. CERTIFICATE OF APPEALABILITY

When a district court issues a final order denying a § 2254 application, the court must also decide whether to issue a certificate of appealability. *See* 3d Cir. L.A.R. 22.2 (2011). A certificate of appealability is appropriate when a petitioner makes a

"substantial showing of the denial of a constitutional right" by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

If a federal court denies a habeas application on procedural grounds without reaching the underlying constitutional claims, the court is not required to issue a certificate of appealability unless the petitioner demonstrates that jurists of reason would find it debatable: (1) whether the application states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Slack*, 529 U.S. at 484.

The court has concluded that petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 should be denied as procedurally barred. Reasonable jurists would not find this conclusion to be debatable. Consequently, the court declines to issue a certificate of appealability.

## VII. CONCLUSION

For the reasons stated, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 is denied. An appropriate order shall issue.

6